IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PRIEST MOMOLU V.S. SIRLEAF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00237 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JIMMY DOE, *et al.*, | ) | |
| | ) | By: Hon. Thomas T. Cullen |
| Defendants. | ) | United States District Judge |
| | ) | |

Plaintiff Momolu Sacker Sirleaf brings four claims against defendants in this case. He brings claims of intentional infliction of emotional distress ("IIED") against a John Doe defendant (named in the complaint as "Jimmy Doe"), defendant Emma Urey, and defendant Matiangai Arnett. He also asserts a claim under the Torture Victims Protection Act ("TVPA") against the John Doe defendant. Because Sirleaf fails to state a claim against Urey or Arnett and fails to state a claim under the TVPA, the court will dismiss those claims. The court will, however, grant his motion for leave to proceed in forma pauperis and will allow his IIED claim against the Doe defendant to proceed.

The facts underlying Sirleaf's complaint are straightforward, if extraordinary. He alleges that in 2005, while he was incarcerated, Urey (his common-law wife) began dating the Doe defendant. According to the complaint, despite Sirleaf's efforts to welcome Doe into his family, Doe was antagonistic. Indeed, Sirleaf alleges that Doe responded to his friendly contact by engaging in "a 12-year campaign of child rape, molestation, and other forms of child torture designed to destroy [Sirleaf]—both individually and as a body corporate—by thus defiling

[Sirleaf's] infant daughter." (Compl. ¶ 6 [ECF No. 2].) Essentially, Sirleaf alleges that Doe assaulted and raped Sirleaf's daughter over the course of 12 years in order to inflict distress on Sirleaf.

Sirleaf's claims against Urey and Arnett also stem from Doe's alleged assaults. Sirleaf claims that Urey intentionally inflicted emotional distress on him by not reporting the assaults or otherwise putting a stop to them. (*Id.* at 16.) He claims that Arnett intentionally inflicted emotional distress on him by doing the same and by informing him of the assaults. (*Id.*) Finally, he claims that Doe's actions violated "international law norms" and are actionable under the TVPA. (*Id.* at 17).

Under 28 U.S.C. 1915(e)(2)(B)(ii), this court may dismiss an *in forma pauperis* action at any time if the complaint fails to state a claim. To survive such review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557.)

While Sirleaf states an IIED claim against Doe sufficient to survive Section 1915(e)(2)(B)(ii) review, none of his other claims are pled with sufficient factual support to

survive review at this stage. First, his claims for intentional infliction of emotional distress against Urey and Arnett fail to allege the kind of conduct necessary for an IIED claim. To establish a claim for IIED, a plaintiff must plead and prove that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe. *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 1997). IIED claims are disfavored under Virginia law because of the inherent difficulty in proving the elements of the claim. *SuperValu, Inc. v. Johnson*, 666 S.E.2d 335, 337 (Va. 2008).

Here, Sirleaf has failed to plead the first and second elements of an IIED claim against Urey and Arnett. The first element of an IIED claim is that the conduct is intentional or reckless; that is, it is intended to cause the plaintiff severe emotional distress or is done in reckless disregard of the possibility that it may cause the plaintiff severe emotional distress. *See Almy*, 639 S.E.2d at 187. Sirleaf does not allege that either Urey or Arnett failed to report his daughter's abuse in order to inflict distress on him or in reckless disregard of the possibility that it may inflict distress on him. The only connection he alleges between their actions and his distress is that they aided Doe after the fact and therefore became "accessories" to the infliction of emotional distress. These allegations do not make out a case of IIED. To be liable, Urey and Arnett must have inflicted distress on Sirleaf themselves, not merely provided after-the-fact aid to someone who inflicted distress on him. *See Womack v. Eldridge*, 210 S.E.2d 145, 147 (1974) (holding that IIED liability only exists where the defendant's acts directly caused the harm).

Sirleaf has also failed to plead the second element of an IIED claim against Urey and Arnett. To serve as the basis for an IIED claim, a defendant's conduct must be "so outrageous in character, and so outrageous in degree, as to go beyond all possible bounds of decency, and to be regarded as so atrocious, and utterly intolerable in a civilized society." *Harris v. Kreutzer*, 624 S.E.2d 24, 33 (Va. 2006). This is an extremely high threshold; tortious, or even criminal, intent behind the actions is often insufficient to meet this burden. *See Russo v. White*, 400 S.E.2d 160, 162 (1991). The conduct must be truly outrageous and unacceptable in civilized society. Here, Sirleaf does not allege any action on the part of Urey, only that she failed to put a stop to Doe's abuse of Sirleaf's daughter. Such inaction is insufficient to subject Urey to liability, especially because Sirleaf does not allege that Urey was aware of the abuse at the time it occurred. (*See* Compl. ¶ 7 & pg. 16  (alleging that Urey's failure to report renders her "an accessory after the fact").)

The same is true with respect to Arnett. Once again, the only alleged wrong with respect to the abuse is a failure to report. And once again, it isn't alleged in the complaint that Arnett was aware of the alleged abuse when it occurred. Sirleaf also alleges that Arnett intentionally inflicted emotional distress on him by notifying him of the abuse, but such conduct is not outrageously unacceptable. Because Sirleaf does not allege outrageous conduct by either Urey or Arnett, he cannot state a claim of IIED against either of them.

Sirleaf's final claim is that Doe's abuse of Sirleaf's daughter violated the Torture Victims Protection Act. The TVPA only creates a cause of action for acts of torture perpetrated "under actual or apparent authority, or color of law, of any foreign nation . . . ." Pub. L. No. 102-256, § 2(a), 106 Stat. 73 (1993) (codified at 28 U.S.C. § 1350 note). There are no allegations in the

complaint that Doe is an agent of a foreign nation or that he committed the alleged abuse under color of law of a foreign nation. Sirleaf has therefore failed to state a claim under the TVPA.

The court will therefore grant Sirleaf's IFP application and dismiss his TVPA claim and his claims against Urey and Arnett.

The clerk is directed to forward a copy of this Opinion to Plaintiff.

**ENTERED** this 3rd day of August, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE